IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANTHONY G. MORRIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-0888-CV-W-ODS |
| ) | |
| NORTHLAND GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION GRANTING
DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT</u>

Pending are two motions for summary judgment by Defendant Northland Group, Inc.'s ("Defendant"). Doc. #8, #21. For the reasons discussed below, both motions are granted.

I. <u>BACKGROUND</u>

Pro Se Plaintiff Anthony Morris ("Plaintiff") filed the instant action in state court on October 19, 2015. On November 12, 2015, Defendant removed the case to this Court. Plaintiff's initial Petition raises two counts, alleging Defendant impermissibly obtained his credit report in violation of (1) the Fair Credit Reporting Act ("FCRA") and (2) the Missouri Identity Theft statute. Defendant filed a motion for summary judgment as to these claims on January 8, 2016. Doc. #8.

Before filing a response to Defendant's motion, Plaintiff filed an Amended Complaint on February 17, 2016. Doc. #14. Plaintiff's Amended Complaint asserted additional claims pursuant to (1) the Fair Debt Collection Practices Act ("FDCPA"), (2) the Missouri Merchandising Practices Act ("MMPA"), and (3) the Missouri Deceptive Business Practices Act ("MDBPA"). *Id.* Defendant filed a second motion for summary judgment as to these claims on April 15, 2016. Doc. #21. After receiving no opposition to Defendant's second summary judgment motion, the Court ordered Plaintiff to show cause as to why Defendant's motion should not be granted. Doc. #24. Having received

no response from Plaintiff, the Court considers Defendant's motions for summary judgment ripe for consideration.

## II. LEGAL STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied*, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

### A. Fair Credit Reporting Act Claim

Plaintiff asserts Defendant violated the FCRA because Defendant allegedly impermissibly pulled Plaintiff's credit report. "The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *see also Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). The FCRA provides that a person has a permissible purpose to obtain a credit report when that person "intends to use that

information in connection with a credit transaction involving the consumer…and involving the extension of credit to, or review or collection of an account of, the consumer….*"* 15 U.S.C. § 1681b(a)(3)(A); *see also Huertas*, 641 F.3d at 34; *Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 427 (5th Cir. 2012); *Miller v. Wolpoff & Abramson*, LLP, 309 F. App'x 40, 43 (7th Cir. 2009); *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. 02-05561, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003). Additionally, as "long as a [person] has reason to believe that a permissible purpose exists, that [person] may obtain a consumer report without violating the FCRA." *Miller v. Rubin & Rothman, LLC*, No. 10-2198, 2011 WL 4359977, at *3 (D. Minn. Sept. 19, 2011); *see also Beckstrom v. Direct Merchant's Credit Card Bank*, No. 04-1351, 2005 WL 1869107, at *3 (D. Minn. Aug. 5, 2005); *Shah v. Collecto, Inc.*, No. 04-4059, 2005 WL 2216242, at *12 (D. Md. Sept. 12, 2005). This is true even if it is later determined that the consumer did not owe the debt at issue. *Rubin & Rothman*, 2011 WL 4359977, at *3.

Here, Defendant established it is a debt collection agency and its client, Department Stores National Bank ("DNSB"), placed a delinquent Macy's credit card account in Plaintiff's name with Defendant so Defendant could collect on Plaintiff's account. Doc. #9-1, page 1. Defendant engaged in its standard procedures to collect on Plaintiff's account, which included obtaining Plaintiff's credit report. Doc. #9-1, page 2. Defendant obtained Plaintiff's credit report solely for the purpose of collecting on Plaintiff's account. Doc. #9-1, page 2.

To dispute a fact, a party must cite "to particular parts of materials in the record…." Fed. R. Civ. P. 56(c)(1)(A). This Court's Local Rules state that "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." Local Rule 56.1. Here, Plaintiff did not specifically controvert facts asserted by Defendant in support of its motion for summary judgment, nor did Plaintiff cite to specific materials in the record to dispute Defendant's asserted facts. The "Declaration of Affidavit" filed with Plaintiff's response to Defendant's first summary judgment motion only indicates Plaintiff disputes whether he had a debt with Defendant or with Defendant's client, DNSB. Doc. #18-1, page 2.

3

Regardless of whether Plaintiff had a debt with Defendant or Defendant's client, Defendant is entitled to judgment as a matter of law with respect to Plaintiff's FCRA claim because Defendant had a permissible purpose in obtaining Plaintiff's credit report. It is undisputed that DNSB is a long-time client of Defendant, the information Defendant received from DNSB over the past twenty years was accurate, and Defendant relied on the information DNSB provided. Doc. #9-1, page 2. Based on its historical relationship with DNSB, Defendant believed Plaintiff's account was due and collection efforts were permissible. Doc. #9-1, page 2. The Court finds Defendant had, at the very least, a "reason to believe" it had a permissible purpose in obtaining Plaintiff's credit report. *See Beckstrom*, 2005 WL 1869107, at *3 (finding Defendant had reason to believe it had permissible purpose, and thus, no FCRA violation where Defendant relied on information supplied by its client to pull Plaintiff's credit report and begin collection efforts). Accordingly, the Court grants summary judgment in Defendant's favor on Plaintiff's FCRA claim.[1]

## B. <u>Fair Debt Collection Practices Act Claims</u>

Plaintiff asserts Defendant violated the FDCPA because Defendant allegedly impermissibly pulled Plaintiff's credit report and attempted to collect on the debt by communicating via deceptive letters. As an initial matter, Plaintiff's complaint is barred by the FDCPA's statute of limitations. The FDCPA requires any action to enforce any liability created by the FDCPA be brought "...within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The date of the last letter that allegedly does

---

[1] Plaintiff's arguments that Defendant is not entitled to summary judgment are without merit. First, Plaintiff argues that under the FCRA, a debtor-creditor relationship is required to permissibly obtain a debtor's credit report. A review of the FCRA reveals that this assertion is not true; and Plaintiff does not identify, and the Court is not aware of any statute or case supporting his assertion. Second, Plaintiff notes he sent several letters to Defendant prior to filing suit, in which Plaintiff disputed the propriety of Defendant obtaining his credit report. Plaintiff seems to maintain that because he did this and Defendant did not respond or settle the matter prior to Plaintiff filing suit, Defendant is liable under the FCRA. Whether Defendant responded to Plaintiff's pre-petition letters has no bearing on whether Defendant either had a permissible purpose or had reason to believe it had a permissible purpose in obtaining Plaintiff's credit report.

not comply with FDCPA requirements is the operative date for the statute of limitations. *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 770 (8th Cir. 2001). The allegedly impermissible credit pull and initial letter from Defendant occurred in August 2014.[2] Defendant's last effort to collect on the debt via letters to Plaintiff was on September 18, 2014. Doc. #22-2, page 4.

Plaintiff's Petition, which did not state a claim under the FDCPA, was filed on October 19, 2015. Doc. #1. Plaintiff's Amended Complaint, raising FDCPA claims, was filed on February 17, 2016. Doc. #14. Plaintiff's Amended Complaint relates back to the original filing because the Amended Complaint adds claims arising out of the same transaction or occurrence, namely the allegedly impermissible credit pull and deceptive letters. *See Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996); Fed. R. Civ. P. Rule 15(c)(1)(B). Nonetheless, Plaintiff's FDCPA claims are still barred by the one-year statute of limitations because any conduct by Defendant that can possibly be construed as an FDCPA violation occurred prior to the one-year period before October 19, 2015, when Plaintiff filed this action.[3]

To the extent Plaintiff's FDCPA claim is based on correspondence with Defendant in April, May, and June of 2015, Defendant is entitled to summary judgment. After discovering the credit pull on November 24, 2014, Plaintiff initiated communication with Defendant in a letter dated April 13, 2015 to dispute the debt. Doc. #22, page 4. Thereafter, Plaintiff and Defendant engaged in a series of communications via letter in which Defendant verified the debt by providing Macy's credit card account statements,

---

[2] Defendant pulled Plaintiff's credit report on August 8, 2014, and mailed an initial letter to Plaintiff's last known address on August 15, 2014. It is unclear whether Defendant received this initial communication. Regardless, the FDCPA does not require Plaintiff receive the notice validating the debt, merely that Defendant send the notice. *See Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) (stating section §1692g only requires that a validation of debt notice be sent to the debtor, not that it must be received by the debtor).

[3] Plaintiff argues that the October 19, 2015 filing was within the statute of limitations because he discovered the alleged violation after requesting his credit report on November 24, 2014. The Court can find no case law supporting the notion that the FDCPA statute of limitations runs upon discovery of an alleged violation. The plain language of section 1692k(d) indicates the operative date is when the alleged violation occurs.

5

identified DNSB as the Plaintiff's creditor, and informed Plaintiff that Defendant had ceased all collection efforts. Doc. #22-2.

The FDCPA provides that within five days of an initial communication with a consumer, a debt collector shall send written notice to the consumer that indicates: (1) the debt amount, (2) the creditor to whom the debt is owed, (3) a statement that the debt will be assumed valid unless disputed by the debtor within 30 days of receipt of the letter, (4) a statement that the debt collector will obtain verification of the debt if disputed by the debtor within 30 days of receipt of the letter, and (5) a statement that the identity of the original creditor, if different than the current creditor, will be supplied within 30 days if the consumer requests such information. 15 U.S.C. § 1692g(a). Defendant fully complied with this provision twice. First, Defendant's August 15, 2014 letter complied with the above requirements. Second, Defendant's response to Plaintiff's April 2015 letter included the above requirements.[4]

To the extent Plaintiff's April 2015 letter was a timely dispute of the debt, Defendant complied with FDCPA requirements because Defendant's response, sent the same day Plaintiff's letter was received, included verification of the debt and informed Plaintiff that his account was closed. *See* 15 U.S.C. § 1692g(b) (requiring debt collectors to cease collection of the debt upon dispute of the debt and providing a debt collector thirty days to send verification of the debt upon request by consumer). Moreover, Defendant ceased collection efforts on September 18, 2014, seven months prior to receiving Plaintiff's April 2015 letter. For the above reasons, the Court grants summary judgment in Defendant's favor on Plaintiff's FDCPA claims.

---

[4] The Court is unclear whether Defendant received these letters or was otherwise aware of any communication sent from Defendant. Plaintiff's April, May, and June 2015 correspondence was sent via a third-party notary public. Plaintiff did not provide a mailing address or alternative way for Defendant to contact Plaintiff in regards to the dispute. Defendant mailed replies to Plaintiff's address on file, rather than risk exposing Plaintiff's confidential information to a third-party. The FDCPA requires only that Defendant send the notice, not establish receipt by the debtor. *See Mahon*, 171 F.3d at 1201; *May v. NCEP, LLC*, No. 4:13-CV-1583, 2014 WL 2009081, at *4 (E.D. Mo. May 16, 2014) ( finding "it is not relevant that [Plaintiff] did not receive the letter because it was sent to her last known address instead of her current address"). It is undisputed that Defendant sent notices to Plaintiff's address on file in April, May, and June 2015.

### C. Missouri Identity Theft Claim

Plaintiff asserts Defendant violated the Missouri Identity Theft statute because Defendant allegedly impermissibly pulled Plaintiff's credit report. The Missouri Identity Theft statute provides, "a person commits the crime of identity theft if he or she knowingly and with the intent to deceive or defraud obtains, possesses, transfers, uses, or attempts to obtain, transfer or use, one or more means of identification not lawfully issues for his or her use." Mo. Rev. Stat. § 570.223.1. "Means of identification" includes items such as a person's Social Security number and credit card number. *Id.* at 570.223.2. This statute does not apply to a person who "is otherwise authorized by law to engage in the conduct that is the subject of the prosecution." *Id.* at 570.223.9(5). As discussed above, Defendant had a permissible purpose or had reason to believe it had a permissible purpose under the FCRA to obtain Plaintiff's credit report. Accordingly, Defendant did not violate the Missouri Identity Theft statute, and the Court grants summary judgment in Defendant's favor on Plaintiff's Missouri Identity Theft claim.

### D. Missouri Merchandising Practices Act Claim

Plaintiff asserts Defendant violated the MMPA because Defendant impermissibly pulled Plaintiff's credit report and improperly posed as a creditor to collect on the debt. Section 407.025.01 creates a private right of action under the MMPA in favor of "[a]ny person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020." Mo. Rev. Stat. § 407.025.01. A prima facie MMPA case requires Plaintiff allege he (1) purchased or leased merchandise from Defendant, (2) for personal, family, or household purposes, and (3) suffered an ascertainable loss of money or property, (4) as a result of an act declared unlawful by section 407.020. *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 198 (Mo. Ct. App 2009). Plaintiff failed to establish the first element because he never purchased or leased anything from Defendant. Thus, the Court grants summary judgment in Defendant's favor on Plaintiff's MMPA claim.

E. <u>Missouri Deceptive Business Practices Act Claim</u>

Plaintiff asserts Defendant violated the MDBPA because Defendant impermissibly pulled Plaintiff's credit report. This is a criminal statute, making deceptive business practices a class A misdemeanor. Mo. Rev. Stat. § 570.140. There is no indication the legislature intended a private civil action to flow from a violation of this criminal statute. *See Campbell v. Accounts Receivable Mgmt., Inc.*, No. 14-cv-00793, 2016 WL 4425823, at *5 (W.D.Mo July 20, 2015) (granting summary judgment to Defendant on alleged MDBPA violation based on impermissible credit pull); *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 948 (Mo. 1982) ("When the Legislature has established other means of enforcement, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent."). Thus, the Court grants summary judgment in Defendant's favor on Plaintiff's MDBPA claim.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants summary judgment in Defendant's favor with respect to all of Plaintiff's claims.

IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 24, 2016 UNITED STATES DISTRICT COURT